IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

```
LACHOYA NORTON, KIM NORTON,            )    FILED: JULY 31, 2008
KIM NORTON, as best friend of          )    08CV4365
LAQUITA NORTON, a minor, and           )    JUDGE GOTTSCHALL
FRED NORTON,                           )    MAGISTRATE JUDGE NOLAN
                                       )    No:
               Plaintiffs,             )
                                       )    Judge    TC
         v.                            )
                                       )    Magistrate
OFFICERS SCHMITZ, Star # 17885,        )
HAIDARI, Star # 18379,                 )    Jury Demand
SGT. B. WILLIAMS, Star # 990, and      )
THE CITY OF CHICAGO,                   )
A MUNICIPAL CORPORATION,               )
               Defendants.             )
```

## COMPLAINT

1.  The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. Sections 1983 and 1988; 28 U.S.C. Sections 1331 and 1323 (3); and the Constitution of the United States, and supplemental jurisdiction under 28 U.S.C. Section 1367.

2.  Plaintiffs Kim Norton, LaChoya Norton, LaQuita Norton, a minor, and Fred Norton are citizens of the United States, and residents of Cook County.

3.  Defendant OFFICERS SCHMITZ, HAIDARI, and WILLIAMS are police officers employed by the City of Chicago, and were at all times relevant to the facts alleged in this complaint, acting within the scope of their employment and under color of law. Defendant Officers Schmitz, Haidari and Williams are being sued individually.

1

4. The City of Chicago is a municipal corporation within the State of Illinois, and was all times material to this Complaint, the employer of defendant police officers Schmitz, Haidari and Williams.

## FACTS

5. On August 8, 2006 Kim Norton and other members of her family were sitting on her porch at 3927 W. Fillmore Street in Chicago, IL, when the police approached the house concerning an individual whom they had been seeking.

6. Officers Schmitz and Haidari approached the porch where Officer Schmitz declared that he needed to get into the home. Fred Norton asked Officer Schmitz if he had a search warrant, to which Officer Schmitz replied "nigger, I don't need a search warrant!"

7. The officers, accompanied by Sgt. Williams then proceeded to attack the family who were on the porch and in the porch area.

8. Plaintiffs Kim, LaChoya and LaQuita Norton were arrested to cover for the officers beatings. All criminal charges were resolved in their favor.

## COUNT I

**(42 U.S.C. Section 1983-Excessive Force Claim)**

(1-8). Plaintiffs Kim Norton, individually and on behalf of LaQuita Norton, LaChoya Norton and Fred Norton alleges and reallege paragraphs 1 through 8 as fully set forth above.

9. As a result of the unreasonable and unjustifiable attack on Kim Norton, LaQuita Norton, LaChoya Norton and Fred Norton, Plaintiffs suffered

both physical and emotional injuries.

10. This unreasonable and unjustifiable beating of the Plaintiffs by Defendant Officers Schmitz, Haidari and Williams was a direct and proximate cause of their pain, suffering and metal anguish. This act by the above individual Defendants violated the Plaintiff's Fourth Amendment right to be free from unreasonable seizures, in addition to a violation of 42 U.S.C. 1983.

**WHEREFORE**, Plaintiffs demand compensatory damages against Defendant Officers Schmitz, Haidari and Williams, and because the Defendants acted maliciously, willfully and/or wantonly, Plaintiffs demand punitive damages from each individual defendant, plus cost, attorney's fees, and such other additional relief as this Court deems equitable and just.

## COUNT II

**(42 U.S.C. Section 1983-False Arrest)**

(1-8). Plaintiffs Kim Norton, individually and on behalf of LaQuita Norton and LaChoya Norton allege and reallege paragraphs 1 through 8 as fully set forth herein.

9. The above acts of the Defendant Officers Schmitz, Haidari, and Williams were willfully and wantonly done without probable cause and were a direct and proximate cause of Plaintiffs' pain, suffering and mental anguish, and therefore violated the Plaintiff's Forth Amendment right to be free from unreasonable arrest, search and seizure.

**WHEREFORE,** Plaintiffs seek actual or compensatory damages against

Defendant Officers Schmitz, Haidari and Williams individually and because they acted maliciously, willfully and/or wantonly, Plaintiffs demand punitive damages against Defendant Officers Schmitz, Haidari and Williams individually.

## COUNT III

### (42 U.S.C. Section 1983-Conspiracy)

(1-8).    Plaintiffs Fred Norton, Kim Norton, individually and on behalf of LaQuita Norton, and LaChoya Norton allege and reallege paragraphs 1 through 8 as though fully set forth herein.

9.    Defendant Officers Schmitz, Haidari, Williams and other unknown officers reached an understanding, engaged in a sequence of events or course of conduct, and otherwise agreed and conspired together to violate the constitutional rights of the Plaintiffs.

10.    All defendant officers did reach this understanding and agreement, and did engage in this course of conduct with the mutual purpose, objective, and knowledge that it would deprive the Plaintiffs of their rights, privileges and immunities as guaranteed by the Constitution and laws of the United States.

11.    Additionally, said conspiracy/joint action violated Plaintiffs' Fourth Amendment rights under the color of law in violation of 42 U.S.C. Section 1983, and was a direct and proximate cause of their pain, suffering and metal anguish.

12.    Acting in furtherance of this plan and conspiracy, each of the Defendants committed overt acts, including, but not limited to excessive force

and false arrest as fully alleged in paragraphs 1-8. This course of conduct by the Defendants was done willfully, maliciously, intentionally or with reckless disregard and directly and proximately caused serious injury to the Plaintiffs.

**WHEREFORE** Plaintiffs demand compensatory damages against each Defendant, and because the Defendants acted maliciously, willfully and /or wantonly, Plaintiffs demand punitive damages against Defendant Officers Schmitz, Haidari, Doe and Roe individually.

## COUNT IV

**(Malicious Prosecution under Illinois Law)**

(1-8).   Plaintiffs Kim Norton, individually and on behalf of LaQuita Norton and LaChoya Norton allege and reallege paragraphs 1 through 8 as though fully set forth herein.

9.   The above prosecution was initiated by the defendants to cover up the unjustifiable beatings of the Plaintiffs.

10.   The defendants signed complaints against Plaintiffs which began the prosecution of them. Defendants further gave false statements against Plaintiffs to the prosecution.

11.   The unjustifiable prosecution was resolved in the Plaintiffs' behalf and, therefore, said prosecution was in violation of the Illinois law.

12.   The unjustifiable prosecution of the Plaintiffs was done willfully and wantonly and was the direct and proximate cause of the physical and mental injuries suffered by the Plaintiffs.

**WHEREFORE,** Plaintiffs seek actual or compensatory damages against Defendant Officers Schmitz, Haidari and Williams individually, and because the above defendants acted maliciously, willfully and/or wantonly, Plaintiffs demand punitive damages against each defendant officer.

## COUNT V

### (Respondent Superior under Illinois Law/ City of Chicago)

(1-8).    Plaintiffs allege and reallege paragraphs 1 through 8 as though fully set forth herein.

9. The aforesaid acts of Defendant Officers in beating Fred, Kim, LaChoya and LaQuita Norton; and maliciously prosecuting Kim, LaChoya and LaQuita Norton were done within the scope of their employment as Chicago police officers, were willful and wanton, and therefore the defendant City of Chicago, as principal, is liable for the actions of its agents under the doctrine of <u>respondent superior.</u>

**WHEREFORE,** Plaintiffs Kim Norton, individually and on behalf of LaQuita Norton, Fred Norton, and LaChoya Norton demand judgment against defendant City of Chicago, plus costs, and such other additional relief as this Court deems equitable and just.

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL COUNTS.**

Respectfully Submitted,

The Law Office of Standish E. Willis

By: __s://Angela Lockett_____

6

                                           Angela Lockett
                                           Attorney for Plaintiff

The Law Office of Standish E. Willis, LTD.
407 South Dearborn Street-Suite #1395
Chicago, Illinois 60605
(312) 554-0005